IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KORY L.E. PATTERSON, | No. C 10-02308 SI |
| Plaintiff, | **ORDER GRANTING DEFENDANT'S MOTION TO DISMISS COMPLAINT** |
| v. | |
| CALIFORNIA STATE DEPARTMENT OF MOTOR VEHICLES, | |
| Defendant. | |

Defendant has filed a motion to dismiss the complaint, which is scheduled for hearing on December 9, 2010. Pursuant to Civil Local Rule 7-1(b), the Court finds this matter appropriate for resolution without oral argument, and hereby VACATES the hearing.

Having considered the papers submitted, and for good cause shown, the Court hereby GRANTS defendant's motion to dismiss the complaint, without leave to amend.

**BACKGROUND**

On January 21, 2008, plaintiff Kory Patterson was stopped by California Highway Patrol Officer Randall Wayne for having an expired registration tab on his vehicle's license plate. Compl., at 2. After giving the officer his driver's license, vehicle registration, and proof of insurance, plaintiff performed two breath-alcohol field sobriety tests. *Id.* at 2. The results were 0.083% and 0.085%. *Id.* The officer requested that plaintiff submit to a chemical test as well, and plaintiff remained silent. *Id.* at 3. Plaintiff was then arrested and taken to jail, where he was administered a blood-alcohol chemical test. *Id.* at 3-4. The blood test, administered 40 minutes after plaintiff's arrest, showed a blood alcohol content of

0.08%. *Id.* at 4. An administrative hearing officer suspended plaintiff's driver's license for two years for refusing to submit to a chemical test. *Id.* at 5. This finding was based on plaintiff's silence in response to a request to submit to chemical testing. *See id.* at 3, 5.

Plaintiff filed a petition for writ of mandamus in the Marin County Superior Court, challenging the decision of the administrative hearing officer. *Id.* at 5. This case was later transferred to the Napa County Superior Court, which denied the petition for writ of mandamus. *Id.* Plaintiff then filed a petition for writ of supersedeas and request for immediate stay in the California Court of Appeal. *Id.* This petition was summarily denied on May 18, 2009. *Id.* at 5-6. After briefing and oral argument, the court of appeal affirmed the superior court's denial of the petition for writ of mandamus. *Id.* at 6. Plaintiff then filed a petition for rehearing, which was denied by the court of appeal on November 24, 2009. *Id.* Next, plaintiff filed a petition for review with the California Supreme Court, which was summarily denied on January 21, 2010. *Id.*

Plaintiff filed the present suit in this Court on May 26, 2010. Plaintiff's complaint alleges that (1) the two-year suspension of his driver's license violated his Fifth Amendment right to remain silent, (2) the two-year suspension violated his constitutional right to legal counsel, and (3) the administrative hearing conducted by the DMV violated his right to due process of law because there was insufficient evidence to support the administrative hearing officer's finding that plaintiff refused to take a chemical test. *See id.* at 6-7.

Presently before the Court is defendant's motion to dismiss the complaint under Federal Rule of Civil Procedure 12(b)(6).

**LEGAL STANDARD**

**I.      Federal Rule of Civil Procedure 12(b)(6)**

Under Federal Rule of Civil Procedure 12(b)(6), a district court must dismiss a complaint if it fails to state a claim upon which relief can be granted. To survive a Rule 12(b)(6) motion to dismiss, the plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). This "facial plausibility" standard requires the plaintiff to allege facts that add up to "more than a sheer possibility that a defendant has acted unlawfully."

*Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009).  While courts do not require "heightened fact pleading of specifics," a plaintiff must allege facts sufficient to "raise a right to relief above the speculative level."  *Twombly*, 550 U.S. at 555, 570.

In deciding whether the plaintiff has stated a claim upon which relief can be granted, the court must assume that the plaintiff's allegations are true and must draw all reasonable inferences in the plaintiff's favor.  *See Usher v. City of Los Angeles*, 828 F.2d 556, 561 (9th Cir. 1987).  However, the court is not required to accept as true "allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *In re Gilead Scis. Sec. Litig.*, 536 F.3d 1049, 1055 (9th Cir. 2008).

If the Court dismisses the complaint, it must then decide whether to grant leave to amend. The Ninth Circuit has "repeatedly held that 'a district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts.'"  *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000) (quoting *Doe v. United States*, 58 F.3d 494, 497 (9th Cir. 1995)).

## II.     The *Rooker-Feldman* Doctrine

Federal district courts, as courts of original jurisdiction, may not review the final determinations of state courts. *See D.C. Court of Appeals v. Feldman*, 460 U.S. 462, 482-86 (1983); *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 415-16 (1923) (district courts may not exercise appellate jurisdiction over state courts); *Doe & Assoc. Law Offices v. Napolitano*, 252 F.3d 1026, 1029-30 (9th Cir. 2001); *Olson Farms, Inc. v. Barbosa*, 134 F.3d 933, 936 (9th Cir. 1998).  Accordingly, under the *Rooker-Feldman* doctrine,

> [i]f claims raised in the federal court action are "inextricably intertwined" with the state court's decision such that the adjudication of the federal claims would undercut the state ruling or require the district court to interpret the application of state laws or procedural rules, then the federal complaint must be dismissed for lack of subject matter jurisdiction.

*Bianchi v. Rylaarsdam*, 334 F.3d 895, 898 (9th Cir. 2003) (citing *Feldman*, 460 U.S. at 483 n.16 & 485). The *Rooker-Feldman* doctrine bars an action in which a party essentially asks the federal court to review the state court's decision and afford that party the same remedy he was denied in state court. *Id.*  In a clear-cut case, this means that the action is barred if the party raises the same claims in federal court as

he previously raised in state court. *Id.* at 899 (finding that the plaintiff's action was barred in federal court because he previously raised identical claims in state court); *Phifer v. City of New York*, 289 F.3d 49, 55-56 (2d Cir. 2002) ("If the precise claims raised in a state court proceeding are raised in the subsequent federal proceeding, *Rooker-Feldman* plainly will bar the action." (quotation omitted)).

The *Rooker-Feldman* doctrine applies even when the state court judgment is not issued by the highest state court, *see Worldwide Church of God v. McNair*, 805 F.2d 888, 893 n.3 (9th Cir. 1986), and when federal constitutional issues are at stake, *see Branson v. Nott*, 62 F.3d 287, 291-92 (9th Cir. 1995); *Mullins v. Oregon*, 57 F.3d 789, 792 (9th Cir. 1995).

**DISCUSSION**

Defendant moves to dismiss the complaint in its entirety, arguing that (1) plaintiff's claims are barred by the *Rooker-Feldman* doctrine, (2) plaintiff's claims are barred by the doctrine of res judicata, (3) plaintiff's claims brought under 42 U.S.C. § 1983 do not state a claim of a cognizable duty under the Constitution, (4) plaintiff's claims are barred by *Heck v. Humphrey* because plaintiff pled "no contest" in his related criminal prosecution, and (5) plaintiff's claims are barred by the Eleventh Amendment. The Court agrees that plaintiff's claims are barred by the *Rooker-Feldman* doctrine. As defendant's first argument is dispositive, the Court will not address the other arguments defendant raised.

Plaintiff raises the same claims in this Court as he previously raised in the state courts. In his complaint, plaintiff argued that (1) the two-year suspension of his driver's license violated his Fifth Amendment right to remain silent, (2) the two-year suspension violated his constitutional right to legal counsel, and (3) the administrative hearing conducted by the DMV violated his right to due process of law because there was insufficient evidence to support the administrative hearing officer's finding that plaintiff refused to submit to a chemical test. *See* Compl., at 6-7. Plaintiff raised all three of these arguments multiple times in the state courts. First, plaintiff argued that the suspension violated his Fifth Amendment right to remain silent in the Marin County Superior Court, the California Court of Appeal, and the California Supreme Court. *See* Def. Supplemental Record, Ex. B (Petition for Review and for Alternative Writ of Mandamus), at 8, 10; *id.*, Ex. C (Petition for Writ of Supersedeas, and Request for Immediate Stay), at 7-12; *id.*, Ex. D (Appellant's Opening Brief), at 6-11; *id.*, Ex. F (Appellant's Petition

4

for Rehearing), at 5; *id.*, Ex. G (Petition for Review), at 7.[1]  Second, plaintiff argued that the suspension violated his constitutional right to legal counsel in both the Marin County Superior Court and the California Court of Appeal. *See id.*, Ex. B (Petition for Review and for Alternative Writ of Mandamus), at 9; *id.*, Ex. D (Appellant's Opening Brief), at 13.  Third, plaintiff argued that the administrative hearing conducted by the DMV violated his right to due process of law because there was insufficient evidence to support the administrative hearing officer's finding that plaintiff refused to take a chemical test, in both the Marin County Superior Court and the California Court of Appeal. *See id.*, Ex. B (Petition for Review and for Alternative Writ of Mandamus), at 3, 7-10; *id.*, Ex. C (Petition for Writ of Supersedeas, and Request for Immediate Stay), at 2, 7-12; *id.*, Ex. D (Appellant's Opening Brief), at 6-11.  Therefore, plaintiff is essentially seeking to appeal the final decisions of the superior court, court of appeal, and state supreme court.  Such actions are barred by the *Rooker-Feldman* doctrine.

Plaintiff responds that the *Rooker-Feldman* doctrine does not bar his action because he is seeking redress for an injury caused by a state agency (the DMV), rather than by a state court judgment.  This argument has no merit.  It is true that in *Exxon Mobile Corp. v. Saudi Basic Industries Corp.*, the Supreme Court explained that the *Rooker-Feldman* doctrine applies to "cases brought by state-court losers complaining of *injuries caused by state-court judgments* rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." 544 U.S. 280, 284 (2005) (emphasis added).  Plaintiff, however, is seeking a rejection of the state courts' judgments affirming the DMV's suspension of his driver's license.  This is evident from the way

---

[1] In reaching a disposition, the Court relies on the state court documents that defendant submitted in its Supplemental Record of Prior Orders and Judgments.  These documents include plaintiff's Petition for Review and for Alternative Writ of Mandamus filed in the superior court, plaintiff's Petition for Writ of Supersedeas, and Request for Immediate Stay filed in the court of appeal, plaintiff's Opening Brief filed in the court of appeal, plaintiff's Petition for Rehearing filed in the court of appeal, and plaintiff's Petition for Review filed in the state supreme court.  In relying on these documents, the Court deviates from the general rule that courts must disregard facts not alleged in the complaint or documents attached to the complaint when ruling on a motion to dismiss. *Knievel v. ESPN*, 393 F.3d 1068, 1076 (9th Cir. 2005).  This is permissible, however, under the "incorporation by reference" doctrine. *Id.*  The "incorporation by reference" doctrine allows the Court "to take into account documents 'whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the [plaintiff's] pleading.'" *Id.* (quoting *In re Silicon Graphics Inc. Sec. Litig.,* 183 F.3d 970, 986 (9th Cir. 1999)).  Here, plaintiff specifically refers to these five state court documents in his complaint. *See* Compl., at 5-6.  Furthermore, neither party disputes the authenticity of these documents.  Accordingly, they are incorporated by reference into the complaint.

5

plaintiff seeks to raise the same claims in federal court as he did in state court, as explained above. Such de facto appeals of state court judgments are barred by the *Rooker-Feldman* doctrine.

Furthermore, the Court concludes that granting leave to amend would be futile. Plaintiff does not request leave to amend. Moreover, the Court cannot envision any alterations that plaintiff could make to the complaint to state a claim.

## CONCLUSION

For the foregoing reasons, defendant's motion to dismiss the complaint (Docket No.16) is GRANTED without leave to amend

**IT IS SO ORDERED.**

Dated: December 2, 2010

SUSAN ILLSTON
United States District Judge